### AMORY, (TREMAIN v.)

[See Tremain v. Amory, Case No. 14,167.]

---

### AMORY, (UNITED STATES v.)

[See United States v. Amory, Case No. 14,443.]

---

### AMORY, (WARD v.)

[See Ward v. Amory, Case No. 17,146.]

---

## Case No. 336a.

### In re AMORY and LEEDS.

[Betts' Scr. Bk. 97.]

District Court, S. D. New York. 1842.

BANKRUPTCY—PROCEDURE — UNAUTHORIZED DECREE—CERTIFICATES OF DISCHARGE.

[1. In the absence of an express rule, the bankruptcy court will follow the rules of the circuit and district courts whereby agreements between counsel must be in writing or of record in order to bind their clients, provided that no inequitable result would be caused thereby.]

[2. Where the clerk enters a decree in bankruptcy granting a final discharge when the only decree authorized is one declaring the objections by the creditors to be badly pleaded, such unauthorized decree should be set aside.]

[3. After a decree of final discharge has been property taken out by a bankrupt, the following papers must—under Act Aug. 19, 1841, § 4, (5. Stat. 440, c. 9)—be submitted to the judge for examination, and receive his indorsement before certificate of discharge can be properly granted: (1) The official assignee's report; (2) the report of the clerk, stating whether the bankrupt has been regular in his proceedings, and has conformed to the orders of the court, and what creditors dissent to a final discharge. And, where the certificate has been granted before these steps have been taken, it should be revoked when the judge finds these papers, thereafter submitted, to be essentially defective, and refuses to approve the same.]

[In bankruptcy. In the matter of Jonathan Amory and Henry H. Leeds. Heard on motion by certain creditors to vacate and revoke certificates of discharge heretofore taken out by the bankrupts. Granted.]

BETTS, District Judge. This case was a motion to vacate and revoke the certificates of discharge delivered to the bankrupts, on the 19th ult., and the circumstances of the case were briefly these. When the day for final hearing came round, objections were interposed by J. & G. Richardson, to which objections the bankrupt took exceptions, and the cause was set down for argument on the docket; Mr. Gerard, appearing for the creditors, and Mr. Noyes for the bankrupts. On Friday, the 18th of November, Mr. Noyes being engaged in the superior court, arranged with Mr. Gerard that if the cause should be reached that day, he would not argue it. It was not reached that day, and not being reached up to Saturday about 12 M., and Mr. Noyes being still engaged in the superior court, Mr. Gerard left the city, just notifying Mr. Noyes of his absence. It was called on between 1 and 3 P. M., and Mr. Barnard who had been engaged by Mr. Leeds to attend in the absence of Mr. Noyes, (but without Mr. Noyes' knowledge) no person appearing to oppose, moved for a decree by default of the opposing creditors. The following order was then entered: "Ordered that the objections filed in the cause by J. N. Platt, Esq., be, and the same are hereby overruled, and it is further ordered that the said bankrupts receive a certificate of discharge." Immediately on the entering of this order, certificates of discharge under the seal of the court were ordered to the bankrupts, and on the Monday following, the present motion to vacate them was read. The arrangement between Messrs. Gerard and Noyes, it is proper to say, was entirely unknown to Mr. Leeds, as is established by the affidavit of Mr. Noyes.

For the creditors it was charged (1) that the default was taken by the bankrupts in violation of an agreement made between their counsel and in entire surprise of the latter.

2. That the order was irregular and void, not being conformable to the decree of the court, and was not entered in presence of the court, but in the clerk's office, and at the dictation of the bankrupt's counsel.

3. That the delivery of the certificate by the clerk was irregular and without authority of the court. The positions to be considered now are: First, the regularity of the proceedings on the part of the bankrupts, in obtaining a default pending the arrangement between the respective counsel. It is insisted that the proceeding was not only inequitable and a surprise upon the creditors, but that it was irregular and absolutely void, the agreement of the counsel for the bankrupts having put it out of their power to go on with the case, without first disavowing the acts of their counsel, and giving notice to the other party.

For the bankrupts it is contended that this being a mere parol agreement of their counsel not communicated to them, it did not bind them, and that they were at liberty to proceed in court in their causes the same as if such understanding had not existed.

The court can give no weight to the suggestion that the bankrupts could only act through Mr. Noyes. They had a perfect right to move or argue them in person, or to substitute any other counsel to take charge of them.

Was the engagement between Messrs. Gerard and Noyes obligatory upon their respective clients? If it was, the proceeding to take default in violation of that agreement was irregular and the decree should be held void. The supreme court of the state by rule of April, 1796, declared that no private engagement or consent between parties in respect to proceedings in a cause, should be alleged or suggested by either of them against the other, unless entered in the book of rules by consent, or unless the evidence thereof shall be in writing, subscribed by the party against whom it is alleged or suggested. The same rule in substance has been ever since incorporated in the practice of that court and the court of chancery. The circuit and district courts of this district have also provided by rule that no agreement or consent between parties or their attornies, in respect to proceedings in court, shall be binding unless reduced to writing and subscribed by the party against whom it shall be alleged or suggested. These rules are very strictly adhered to by the courts unless an intention is discovered to impose upon or mislead a party through parole stipulations.

The supreme court of the U. S. enforced an agreement by an attorney for a bank, to enforce execution against the principal debtor, and postpone it against the surety, although the agreement was verbal and denied by the bank. [Union Bank of Georgetown v. Geary, 5 Pet. (30 U. S.) 99.] No distinction can be taken in reason between the agreements made by counsel and those made by the party himself, or his attorney, and the rule exacting written evidence should apply indiscriminately to all It is difficult also to perceive why an arrangement between counsel to defer the argument of a cause on the calendar and ready to be called, is not an agreement in respect to proceedings in court, and as such rendered of no avail by the standing rules of the court. The court of errors do not consider the rule applicable to that court, and accordingly gave effect to an arrangement similar to that before this court without regarding it material that the agreement was verbal and not in writing. The case in the court of errors was substantially the same with these now under consideration, with one circumstance in the present that did not appear then. The express admission of the counsel for the bankrupts [is] that the agreement was entered into at his instance and was acted upon in full faith, by the counsel for the creditors. There was no specific rule of the bankruptcy court exacting written evidence of agreement in respect to proceedings

therein, and all the regulations are framed upon the assumption that any step or stipulation affecting the progress of a cause would be indicated by the appropriate entry on the docket, or made by express order of the court, or by stipulation between the parties. In matters not provided for by express rule it has been the constant practice of the court to recur to the known principles governing the practice of the circuit and district courts in analogous cases.

The right of counsel and attornies to bind their principals by their stipulations in respect to proceedings in court, cannot be questioned, and if the question is to be decreed open for the court to decide upon, conformably to the justice and equity of the case, I should have no difficulty in determining that the bankrupts here ought to be bound by the agreement of their counsel. Still I am exceedingly unwilling to trench upon the established and notorious practice of the court, and lay it down as a definite rule, that parties to this court shall be bound by parol agreements entered into by their counsel or attornies. I shall always be disinclined to recognize them when disavowed or denied by either party, although I do not intend to say that if relief rested solely on the affirmance of the agreement between the counsel, the court would not act upon the authority of the court of errors of this state, and uphold the stipulation in furtherance of the palpable equity in the case, but I forbear in pronouncing in favor of the binding obligation of such parol arrangements as a general rule of decision.

Admitting the stipulation between the counsel could not prevent the bankrupts from taking further proceedings while it continued, it is urged that their subsequent proceedings were irregular and unauthorized by law. The motion acted on by the court was one for defaulting the opposing creditors and the order of the court was given to that extent and no further.—(Judge BETTS here went into an elaborate review of the proceedings of the case, and continued:) The counsel states in his affidavit that after the default he attended at the clerk's office to have the necessary orders entered allowing the exceptions to the objections, overruling objections, and ordering certificate and discharge. At his instance and direction the decree first above stated was entered in the docket and certified by the assistant in the clerk's office. The decree did not conform to the allegata composing the issue between the parties, but went out and transcended that issue. Instead of declaring the particulars set up by the objections to be imperfectly or inaptly pleaded, it by a single bound overleaped the points presented, decided against the objections on the merits, and decreed a final discharge to the bankrupts. In these respects it was unauthorized by any express direction of the court, and it assumed conclusions and consequences which the

order of default did not warrant. No court will allow an irregular or unauthorized entry on its docket, or minutes, however formal it may be in terms, to work an injury to parties not procuring or assenting to it. Accordingly the rule of the 19th November last, decreeing a final discharge to the bankrupts must be set aside and vacated as irregular and void.

On the same day and almost concurrently with the entry of the decree on the docket, the certificates of discharge were made out and delivered to the bankrupts by an assistant in the clerk's office. If the decree of discharge had been proper and regularly taken out, still the delivery of the certificates cannot follow instantly upon such decree. Several important steps are to be taken—1st, the clerk is to examine and report to the court if the bankrupt has been regular in his proceedings and conformed to all the orders of the court, and what creditors dissent to a discharge; 2d, the official assignee is to file his report, and 3d, the judge is to examine these papers and endorse his certificate on them. These being done, the clerk may deliver a certificate. [Act Aug. 19, 1841, § 4, (5 Stat. 440, c. 9.)] In the present case these documents were not submitted to the court until Monday, (the certificates having been delivered on Saturday preceding) and they are found essentially defective and have not been approved by the judge. The bankrupts are accordingly in possession of their certificates without due authority of law.

I accordingly pronounce the decree of final discharge entered in these cases on the 19th Nov. last void, and order and decree that the same be revoked and vacated, and I further order that the bankrupts respectively deliver to the clerk's office on the 5th instant, the certificates issued them on the 19th of November last.